WILSON LUMPKIN v. E. B. SMITH, GUARDIAN, ET AL.

IN SUPREME COURT, TYLER TERM, 1884.

Appeal from Anderson county.

*Probate Law.*—The purpose of Art. 1948 R. S. is to enabate the executor, in case the will does not determine who are entitled to the entire estate, or in what proportions those made thereby beneficiaries are entitled, to have the determination of such questions made by the county court in order that he may turn the estate to those entitled thereto.

*Jurisdiction.—County Court.*—When a will is made and the estate is administered under Art. 1942 R. S. the county court has no jurisdiction of an application, by the executor, the purpose of which is to have an adjudication that the estate has been properly administered, to have extra compensation allowed the executor, and to have a decree discharging him from further liability.

Wilson Lumpkin was, by the will of John Murchison, deceased, appointed the executor of his will which provided, that his estate should be administered without the control of the probate courts. Lumpkin qualified and so administered the estate in accordance with the will.

After having had charge of the estate for about thirteen years, on June 20, 1883, the executor filed in the county court for Anderson county, what purports to be his final account, in which he stated that the four children of John Murchison made legatees by his will had died, and that the two minor children of one of them was entitled by inheritance to the estate not disposed of; the name and residence of the two minor children was given and there was a prayer for cita-

tion to the guardian who was named. The report contains the fol·
lowing statement, "This executor is also advised and believes the
powers and duties conferred on him as executor by said will are de-
termined and ended except as to filing a report of his management
of the said estate and a statement with the legal heirs thereof and
his discharge. He, therefore, comes into court and prays that this
his said report and final account by the court be heard, said Smyth,
guardian, be cited according to law and this executor be discharged
from his trust."

There was a full statement of the administration of the estate,
which showed that there was no personal property on hand of any
value.

Under the provisions of Murchison's will and the facts stated by
the executor all of the estate in his hands would belong to the minor
children before referred to, except such part thereof as one of the
legatees may have conveyed in his life time to Geo. A. Wright who
became a party to this proceeding.

There was a prayer by the executor for compensation for his ser-
vices other and above such fees as are allowed to executors by the
statute. There was no prayer for partition of the estate.

A plea to the jurisdiction of the County court was filed, but does
not appear to have been acted on by the court.

The county court examined the final report of the executor, as
restated under the order of the court, and adjudged that the estate
was indebted to the executor in the sum of $4795.82, one half of
which was declared to be a claim against W. D. E. Murchison, de-
ceased, who was one of the legatees under the will of John Murchi-
son, his father, and that the other half of that sum was a claim
against the estate of W. M. Murchison, deceased, who was also a son
of John Murchison and a legatee under his will. From this judg-
ment there was an appeal to the district court, in which the plea to
the jurisdiction of the county court and to the jurisdiction of the
district court was urged and sustained, and an order was entered
setting aside the judgment of the county court and dismissing the
cause, and from that judgment the executor presents a writ of
error.

The question here presented relates to the correctness of the rul-
ing of the district court. The statute provides, that, "Any person
capable of making a will may so provide in his will that no other

action shall be had in the county court, in relation to the settlement of his estate, than the probating and recording of his will, and the return of an inventory and appraisement and list of claims of his estate. (Rev. Stats. Art. 1942.) The will of John Murchison was made under this statute and the executor complied with the requirements necessary to his complete qualification.

This withdrew the estate from the jurisdiction and control of the county court, except in so far as some other part of the statute under this state of fact may have authorized the county court to exercise jurisdiction over the estate. It is not claimed that any other section or part of the statute, than Art. 1948, Rev. Stats., authorized the county court to exercise jurisdiction over the estate thus, by the will of the testator, withdrawn from it, but it is contended that Art. 1948 gave to the county court power to render the judgment which was rendered. That article reads: "If such will does not distribute the entire estate of the testator, or provide a means for partition of said estate, the executor shall have the right to file his final account in the court in which the will was probated, and ask partition and distribution of the estate, and the same shall be partitioned in the manner provided for the partition and distribution of estates administered under direction of the court."

If the averments contained in the executor's application be taken as true, and so they must be taken on exception, then the will of John Murchison, construed in the light of the facts stated in relation to the condition of the estate, does provide for the distribution of the estate, and does provide a means for partition of the estate.

The manifest purpose of the statute relied on, is to enable the executor, in case the will does not determine who are entitled to the entire estate, or in what proportions those made thereby beneficiaries are entitled, to have determination of such questions made by the county court in order that he may turn the estate to those entitled thereto.

The application in this case, does not ask for a partition nor in any wise seek it; its sole purpose seems to have been to have an adjudication by the county court that the estate had been properly administered; to have that court allow to the executor what was termed extra compensation for his services, and to have a decree discharging him from further liability, of these matters, under the

will, the county court had no jurisdiction, and the district court correctly so held.

We see no reason why the costs incurred through an unauthorized proceeding should be charged against those who resisted it and the court below did not err in refusing so to tax it.

The judgment of the district court is affirmed.       Stayton, J.